## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARCOSQUARED, LLC, MARCO
MORANTE, and CHRISTOPHER
PSAILA,

        Plaintiffs,

v.                                     Case No: 8:25-cv-3146-CEH-LSG

JAMES L. WILKES, II,

        Defendant.

_____

## <u>ORDER</u>

This matter is before the Court *sua sponte*. Plaintiffs Marcosquared, LLC; Marco Morante, and Christopher Psaila initiated this action against attorney James L. Wilkes, II, alleging abuse of process and conspiracy to commit abuse of process. Doc. 1. Plaintiffs seek to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Because the citizenship of the Plaintiff limited liability company (Marcosquared, LLC) is not adequately alleged, the Court cannot determine whether jurisdiction exists in this case. Accordingly, Plaintiffs will be ordered to promptly file a disclosure statement pursuant to Fed. R. Civ. P. 7.1 and to file an Amended Complaint that adequately alleges the parties' citizenship. Additionally, because Plaintiffs' Complaint fails to comply with Fed. R. Civ. P. 8(a)'s dictate that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the Complaint

will be stricken as a shotgun pleading and Plaintiffs will be given the opportunity to amend.

## DISCUSSION

A.    Jurisdiction

Federal courts must *sua sponte* inquire into an action's subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Here, Plaintiffs seek to invoke the diversity jurisdiction of this Court. Federal jurisdiction based upon diversity exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

A complaint's allegations, when federal jurisdiction is based on diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). It is the burden of the party seeking federal jurisdiction to establish that diversity exists by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). For purposes of diversity jurisdiction, a limited liability company is deemed "a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

Plaintiffs' Complaint fails to allege who are the members of the limited liability company. While Marco Morante and Chris Psaila are alleged to be the "founding partners and majority owners" of Plaintiff Marcosquared, LLC, a California limited liability company and successor in interest to Marco Marco LLC, Doc. 1 ¶ 4, nowhere in the Complaint do Plaintiffs identify the *members* of the Plaintiff LLC, nor the *members*' citizenship.

If the members of the LLC are corporations, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To the extent the members are individuals, the Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367. A natural individual is a citizen of the state in which he or she is domiciled. *Plevin v. U.S. Bank Nat'l Ass'n for Fla. Mortg.*

*Resolution Trust, Series 2014-4*, No. 6:15-cv-412-CEM-KRS, 2015 WL 12859413, at *1 (M.D. Fla. May 13, 2015) (Spaulding, Mag.) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "A person's domicile is the place of his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257 (internal quotations and alterations omitted). "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011). In addition to failing to identify the citizenship of the LLC's members, Plaintiffs fail to identify who are the members of the LLC. Such allegations are insufficient. *See Moss & Assocs., LLC v. E Light Elec. Servs, Inc.*, No. 1:16-cv-702-WSD, 2016 WL 3355892, at *2 (N.D. Ga. June 16, 2016) (stating that the allegations as to a limited liability company's citizenship were insufficient where the plaintiff did not identify the members of the companies and instead alleged only that the members were citizens of Florida). Plaintiffs must identify all members of the limited liability company and their respective citizenships. Only then will the Court be able to determine whether the parties are diverse.

  B.  Rule 8 – Shotgun Pleading

  Rule 8(a) requires a pleading stating a claim to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Plaintiffs' thirty-two-page Complaint is neither plain, nor short. The two counts, which are only a few paragraphs each, appear on pages 30 and 31 of the complaint.

While the Complaint sues only Defendant James L. Wilkes II, the majority of the allegations in the preceding 29 pages recount, in sensational fashion, the rich and famous opulent lifestyle of *Real Housewife of Beverly Hills*' cast member Erikah Jayne Girardi and her decades-older ex-husband, disbarred California attorney Tom Girardi, who is currently serving a federal sentence for wire fraud. Neither Tom nor Erikah Girardi are parties to this lawsuit and yet most of the allegations of the Complaint focus on the couple's lavish lives and their alleged wrongful conduct, as well as the alleged misconduct of California bankruptcy counsel, Evan Borges. *See, e.g.*, the table of "wrongful conduct" at Doc. 1 at 15– 19. This case stems from the Girardis' financial troubles and Psaila's alleged wrongful indictment for Plaintiffs' charging $800,000 on Tom Girardi's American Express card in 2016–2017. Very few actual facts are pleaded regarding the Defendant's conduct as it relates to the claims of abuse of process and any harm allegedly suffered by these Plaintiffs as a result. And the statements that are made regarding Defendant are vague, conclusory, lack specificity, and are without connection to the alleged claims.[1]

---

[1] By way of example, Plaintiffs allege that Wilkes "directed" California bankruptcy counsel Evan Borges "to obstruct and misdirect the bankruptcy proceedings in order to obfuscate, confuse, and misdirect the Trustee and the trial judges in several bankruptcy proceedings." Doc. 1 ¶ 28. Wilkes does not appear to have been counsel of record in any of the California bankruptcy cases, and Plaintiffs fail to allege any specific facts as to what Wilkes purportedly did. Plaintiffs' Complaint includes a diatribe of irrelevant facts—including allegations of Tom Girardi's role in the Erin Brockovich investigation (*id.* ¶ 7), Wilkes' PPP loan fraud (*id.* ¶¶ 41– 44), Wilkes' appearance on a documentary "*The Housewife and the Hustler*" (*id.* ¶ 37), Wilkes' attaching himself to the flashy lifestyle of the Girardis (*id.* ¶ 24), Erikah's failure to pay income taxes (*id.* ¶ 15), Tom Girardi's Ponzi scheme (*id.* ¶ 33), Girardi's embezzlement of millions of dollars from his law firm clients (*id.* ¶¶ 9, 14)—that is more focused on garnering tabloid headlines than presenting a clear and plain statement of facts supporting Plaintiffs' claim for relief. As another judge in this District recently stated, "a complaint is not a public forum for

Complaints that violate Rule 8(a)(2) are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four general types of shotgun pleadings. *Id.* at 1321. Relevant here, a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" is a shotgun pleading. *Id.* at 1322. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Plaintiffs sue Defendant for abuse of legal process under Florida law. Scattered throughout the Complaint are various references to at least seven other civil lawsuits,[2] only one of which is pending in Florida, and a 2017 criminal indictment of Chris Psaila in the Central District of California for credit card fraud, which was dismissed in 2021. It is wholly unclear from Plaintiffs' Complaint which one or more of these cases

---

vituperation and invective." *Trump v. New York Times Co.*, No. 8:25-CV-2487-SDM-NHA, 2025 WL 2680597, at *2 (M.D. Fla. Sept. 19, 2025).

[2] Plaintiffs reference three bankruptcy cases (*In Re Girardi Keese*, Case No. 20-bk-21022; *Trustee Miller v. Erika Girardi*, Case No. 21-ap-01155;and *In Re Tom Girardi*, Case No. 20-bk-21020); a 2020 divorce of Tom and Erikah Girardi; a California civil case brought by Psaila (*Psaila v. Erika Girardi*, et al., Case No. 23-cv-07120, in the United States District Court for the Central District of California); a California state court case (*Sheldon Law Offices v. Girardi, EJ Global et al.*, Case No. 20STCV47160, in the Superior Court of the State of California for the County of Los Angeles, Central District); and a Miami civil case brought by Morante (*Marco Morante v. Erika Girardi, et al.*, Case No. 2024-CA-015118, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida).

Plaintiffs contend serves as the predicate for their abuse of process claims against Wilkes.

Cases that begin with a long list of general allegations, "most of which are immaterial to most of the claims for relief" are considered shotgun pleadings. *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). The Eleventh Circuit has recognized that when district courts permit a shotgun pleading to proceed, it results in "a massive waste of judicial and private resources; moreover, 'the litigants suffer, and society loses confidence in the court[s'] ability to administer justice.'" *Id.* (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). Thus, when faced with such a pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008). Because Plaintiffs' Complaint violates Rule 8(a) and is a shotgun pleading, it is due to be stricken. Accordingly, it is

**ORDERED:**

1.     Plaintiffs' Complaint (Doc. 1) is dismissed without prejudice.

2.     Within **14 days**, Plaintiffs shall file disclosure statements pursuant to Fed. R. Civ. P. 7.1.

3.     Within **21 days**, Plaintiffs may file an Amended Complaint that cures the jurisdictional and shotgun pleading defects referenced herein and that otherwise complies with the Federal Rules of Civil Procedure, including Rule 8(a).

4.    Plaintiffs' failure to file an Amended Complaint that corrects the deficiencies referenced in this Order or that fails to be filed within the time permitted will result in dismissal of this action without prejudice and without further notice.

**DONE** and **ORDERED** in Tampa, Florida on November 28, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties