# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARCOSQUARED, LLC, MARCO
MORANTE, and CHRISTOPHER
PSAILA,

      Plaintiffs,

v.                                                      Case No: 8:25-cv-3146-CEH-LSG

JAMES L. WILKES, II,

      Defendant.

_____

## ORDER

This matter is before the Court on Defendant James L. Wilkes' Motion for Sanctions Pursuant to Rule 11 against Plaintiffs and their Lawyers/Law Firms (Doc. 35) and Plaintiffs' response in opposition (Doc. 40). In the motion, Defendant requests Rule 11 sanctions in the form of attorney's fees and costs awarded to Defendant for having to defend against the scandalous and frivolous allegations of the First Amended Complaint. The Court, having reviewed the motion, the response, and being otherwise advised in the premises, will deny, without prejudice, Defendant's motion for sanctions, which may be renewed at the conclusion of the action if warranted.

## I.    BACKGROUND

In November 2025, Plaintiffs, MarcoSquared LLC, Marco Morante, and Christopher Psaila, filed this action alleging abuse of process and conspiracy to abuse process. Doc. 1. After the Court dismissed Plaintiffs' complaint as a shotgun pleading

(Doc. 7), Plaintiffs filed an Amended Complaint (Doc. 13). On March 19, 2026, Defendant James L. Wilkes, II, moved to dismiss the Amended Complaint (Doc. 21), which Plaintiffs opposed (Doc. 26). On July 2, 2026, the Court issued an order dismissing the Amended Complaint and permitting Plaintiffs to file a Second Amended Complaint. Doc. 51.

On April 24, 2026, after filing their motion to dismiss but before the Court issued its ruling, Defendant filed the instant motion for sanctions (Doc. 35) against Plaintiffs and their attorneys. In the motion, Defendant seeks sanctions under Federal Rule of Civil Procedure 11 and requests an order holding Plaintiffs and their counsel jointly and severally liable for fees and costs associated with Defendant's defense of Plaintiffs' "frivolous First Amended Complaint."

Plaintiffs filed a response in opposition (Doc. 40) arguing that the motion is premature as discovery is just beginning. Additionally, Plaintiffs contend that pre-discovery evidence supports their allegations, and in any event, the factual allegations are accepted as true at the initial pleadings stage.

## II.     LEGAL STANDARD

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Under Rule 11, an attorney who presents a pleading, motion, or other paper to the Court makes several certifications to the best of the attorney's "knowledge, information and belief, formed after an inquiry reasonable under the circumstances." Fed. R. Civ. P. 11(b). These certifications include, in relevant part: (1) the pleading, motion, or other paper is not being presented "for any improper

purpose"; and (2) "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(1)–(2). Indeed, a district court has discretion to award sanctions under Rule 11 when the pleading lacks a reasonable factual basis, the pleading is based on a legal theory that is without a reasonable chance of success and cannot be advanced as a reasonable basis for changing existing law, or the pleading is filed in bad faith for an improper purpose. *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003).

The standard for assessing conduct under Rule 11 is "reasonableness under the circumstances," *Anderson*, 353 F.3d at 915, which requires courts to "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified," *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). In doing so, "[t]he court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11, Advisory Comm. Notes, 1983 Amend. Determinations as to whether Rule 11 has been violated are committed to the discretion of the trial court. *Anderson*, 353 F.3d at 915.

## III. DISCUSSION

Here, the gravamen of Defendant's motion is that Plaintiffs' claims are frivolous, scandalous, and without foundation in law or fact. In responding to the Defendant's motion, Plaintiffs maintain that Defendant's motion is a second motion

to dismiss and that Plaintiffs should be permitted a reasonable opportunity to conduct discovery as to these fact disputes. Plaintiffs further contend that other than blanketly denying the allegations of the First Amended Complaint, Defendant does not otherwise disprove the allegations.

Because motions for sanctions tend to distract parties from the merits of litigation, the Court prefers to adjudicate motions for sanctions at the conclusion of litigation. This is especially so when there has been no final determination on the merits of the action. Although the Court recently granted Defendant's motion to dismiss, it also granted Plaintiffs the opportunity to amend. Thus, this action is yet to be concluded, on the merits or otherwise. The Court, therefore, will deny Defendant's motion, without prejudice, which Defendant may renew, if warranted, upon the conclusion of this action.

Accordingly, it is **ORDERED:**

1. Defendant's Motion for Sanctions Pursuant to Rule 11 against Plaintiffs and their Lawyers/Law Firms (Doc. 35) is **denied without prejudice**.

**DONE AND ORDERED** in Tampa, Florida on July 2, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

4