**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION**

MARCOSQUARED, LLC;
MARCO MORANTE; and
CHRISTOPHER PSAILA,

Plaintiffs,

vs. Case No. 8:25-cv-3146-CEH-LSG

JAMES L. WILKES II,

Defendant.
_______________________________________/

**SUGGESTIONS IN SUPPORT OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Plaintiffs, MARCOSQUARED, LLC, MARCO MORANTE, and CHRISTOPHER PSAILA, by and through their attorneys, submit their suggestions in support of their Second Amended Complaint ("SAC") and state:

1. On July 2, 2026, this Court dismissed the First Amended Complaint and granted Plaintiffs leave to file a Second Amended Complaint correcting the deficiencies identified in the Court's Order (Doc. 51). On July 14, 2026, the Court thereafter extended Plaintiffs' deadline to file to July 30, 2026. (Doc. 56).

2. Plaintiffs' Second Amended Complaint, filed contemporaneously with these Suggestions, restates the abuse of process and conspiracy claims (Counts I and II) in conformity with

the Court's Order: it confines the predicate proceedings to those in which Plaintiffs are parties, pleads specific post-issuance uses of process with dates and record citations, pleads concrete collateral objectives supported by sworn testimony and the Defendant's own recorded statements, eliminates the allegations the Court identified as immaterial, and abandons blanket incorporation in favor of targeted incorporation by paragraph.

3. In reviewing the Court's Order (Doc. 51), Plaintiffs have also more clearly aligned the facts with the legal theories of recovery applicable to this case's unique facts. Thus, the Second Amended Complaint asserts three additional counts: fraudulent concealment (Count III), negligent misrepresentation pleaded in the alternative (Count IV), and conspiracy to fraudulently conceal (Count V).

4. In that the Court's Order did not propose to limit Plaintiffs' causes of action and in that the facts of the case remain the same, Defendant Wilkes cannot be prejudiced by the added counts.

5. The additional counts arise from the same transactions, occurrences, and course of conduct already pleaded — the Defendant's statements and omissions in the February 2024 broadcast are quoted in the First Amended Complaint itself (Doc. 13

¶26) — so the Defendant has been on notice of the operative facts since the inception of this action. Discovery has not, as yet, begun and the discovery deadline is December 7, 2026. The trial is set for June 7, 2027 (Doc. 32). No party will be prejudiced, there has been no undue delay, and the counts are filed within the deadline the Court set for amendment.

6. By filing their claims against this Defendant rather than in a separately filed suit promotes judicial efficiency particularly in that Plaintiffs' Counts III – V arise from the same nucleus of facts. That is, the same acts that support Plaintiffs' claims for abuse of process also support Plaintiffs' claims for fraudulent concealment and negligent misrepresentation.

**MEMORANDUM OF LAW**

Here, the additional counts share a common factual nucleus with the existing claims, the SAC effectively notifies the defendant of the legal theories of recovery, discovery remains open, and the scheduling deadline is unimpaired. Whether the additional counts state claims upon which relief can be granted is properly tested, if at all, on a motion under Rule 12(b)(6).

Moreover, Plaintiffs' rely on this Court's decision in *Cramer v. Palm Ave. Partners, LLC*, 672 B.R. 517, 547 (M.D. Fla. 2025), *reh'g*

*denied*, No. 8:18-CV-1026-CEH, 2026 WL 1295839 (M.D. Fla. Mar. 24, 2026) where this Court confirmed that in order to successfully prevail on a fraudulent concealment case, a plaintiff must establish: (1) the defendant's successful concealment of the cause of action and (2) fraudulent means to achieve that concealment.

Here, Defendant Wilkes and his co-conspirators successfully concealed Erika Girardi's tortious conduct when they decided to speak publicly about Erika's "privileged" statements to them and misrepresented the truth about Plaintiffs. Wilkes' and Borges' conduct in the 2024 Broadcast and thereafter breached a duty to Plaintiffs that is well established in the common law of fraud: though a party may have no duty to speak, if he does assume to speak, he must make a full and fair disclosure as to the matters about which he assumes to speak. He must avoid a deliberate nondisclosure. *Prentice v. R.J. Reynolds Tobacco Co.*, 338 So. 3d 831, 839–40 (Fla. 2022).

Indeed, Plaintiffs have pleaded their causes of action in the SAC equally as well as the Plaintiffs did in *Cramer*. Whether Plaintiffs can prove the facts giving rise to Defendant Wilkes' liability is a matter for the jury to decide.

WHEREFORE, Plaintiffs respectfully submit their Second Amended Complaint as being compliant with the Court's Order (Doc. 51).

DONE on 28 July 2026.

Respectfully submitted,

/s/ *Bruce B. Bealke*

BRUCE BERNARD BEALKE
Illinois SBN 6200543
Admitted via pro hac vice
77 West Wacker Drive, St. 45001
Chicago, IL 60601
(312) 216-7177
Bealkelaw@protonmail.com
Lead Counsel for Plaintiffs

WILLIAMS & SYFRETT, PLLC
/s/ Stephen Syfrett
STEPHEN SYFRETT, ESQ.
FL BAR NO.: 124536
502 Harmon Avenue (32401)
Panama City, Florida
(850) 763-5368 (telephone)
Stephen@wsgfirm.com
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on

all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Bruce B. Bealke*