IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA- TAMPA DIVISION

MARCOSQUARED, LLC;
MARCO MORANTE; and
CHRISTOPHER PSAILA, Case No.: 8:25-cv-3146-CEH-LSG

Plaintiffs,
vs.

JAMES L. WILKES, II,

Defendant.
_______________________________________/

**DEFENDANT, JAMES L. WILKES, II, MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Defendant, JAMES L. WILKES, II, by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss Plaintiffs, MARCOSQUARED, LLC, MARCO MORANTE, and CHRISTOPHER PSAILA, Second Amended Complaint and Demand for Jury Trial (the "Second Amended Complaint") dated July 28, 2026 [D.E. 57].

## I. FACTUAL BACKGROUND

In their now third attempt to state the cause of action, the Plaintiffs have sued Defendant, JAMES L. WILKES, II, in the Second Amended Complaint for not only abuse of process, but also now allege fraud, misrepresentation, and conspiracy allegations.

Specifically, the Second Amended Complaint sets forth the following counts:

Count I Abuse of Process

Count II Conspiracy to Abuse Process

Count III Fraudulent concealment

Count IV Negligent Misrepresentation (pled in the alternative to Count III)

Count V Conspiracy to Fraudulently Conceal.

Unfortunately, the addition of new counts does little to cure the pleading deficiencies noted by this Court on at least two other occasions *See [DE 7 & DE 51]*. The problem remains that the operative facts show no basis of recovery for relief by these Plaintiffs against the Defendant, no matter how outrageous and sensational they try to portray the allegations.

Again, the operative facts involve a background story concerning Erika Jayne Girardi and her husband's criminal practices. According to the Second Amended Complaint, the Defendant is accused advising Erika Girardi about her personal life and entertainment career, as well as loaning her money for her defense due to her husband, Tom Girardi's criminal acts. Tom Girardi became involved in a federal criminal investigation that eventually led to his conviction for wire fraud and imprisonment. *See Second Amended Complaint ¶ 7.*

Further, they contend that repayment of these loans by Ms. Girardi depends on Ms. Girardi's continued earning capacity as an entertainer. *See Second Amended Complaint ¶ 23*. Plaintiffs make scandalous allegations regarding Defendant allegedly prolonging matters, avoiding Ms. Girardi being deposed, and to increase Plaintiff Morante's costs. *See Second Amended Complaint ¶ 30.*

Finally, Plaintiffs delve into irrelevant matters which the Court has previously ruled upon including Ms. Girardi's reality TV career, her marital status, and Tom Girardi, which have no obvious connection to whether process was misused against Plaintiffs and is seemingly only for purposes of sensationalism, scandal, and drama. *See Second Amended Complaint ¶ 9 – 20 and [D.E. 51].*

## II. LEGAL STANDARD FOR EVALUATING A MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may assert, by motion, the defense of failure to state a claim upon which relief can be granted. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Although courts are required to take as true the factual allegations in a plaintiff's pleadings when analyzing a motion to dismiss, that requirement does not apply to legal conclusions. *Id*. When a complaint falls short of this standard because it relies on formulaic recitations and unsupported conclusions, a court shall dismiss the deficient claims for their failure to provide an adequate basis for the possibility of granting relief. *See* Fed. R. Civ. P. 12(b)(6).

## III. ARGUMENT

### A. Count I Abuse of Process

Plaintiffs' claim for Abuse of Process should be dismissed because they fail to allege facts that would support a claim for abuse of process as a matter of law. "[A]n action for abuse of process "is concerned with the improper use of process after it has been issued*." McMurray v. U-Haul Co., Inc., Inc.*, 425 So.2d 1208, 1209 (Fla. 4th DCA 1983).

The elements of a claim for abuse of process are: "(1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's action." *Valdes v. GAB Robins N. Am.*, 924 So.2d 862, 867 (Fla. 3d DCA 2006). To state a claim for abuse of

process, a plaintiff must allege "a [] ***post-issuance*** abuse of process." *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005)(emphasis added).

**(1) an illegal, improper, or perverted use of process by the defendant**

Under the first element, a plaintiff must sufficiently plead that the defendant has committed a "willful and intentional misuse of process" in a manner or for a purpose not intended by law. *Peckins v. Kaye*, 443 So.2d 1025, 1026 (Fla. 2d DCA 1983). Even accepting the allegations in Count I as true, this lawsuit should not be directed to this Defendant as there are no allegations that the Defendant actually abused process himself. In other words, Plaintiffs are trying to allege abuse of process as to this Defendant for what other individuals allegedly were doing regarding Ms. Girardi. There is absolutely no willful or intentional act done here by the Defendant.

Additionally, Plaintiffs fail to adequately allege an illegal, improper, or perverted use of process. Pursuant to paragraph 25 of Plaintiffs' Second Amended Complaint, Plaintiff relies on three judicial proceedings for the basis of the abuse of process claims herein: (a) *Psaila v. Girardi, et. al.*, No. 2:23-cv-07120 (C.D. Cal.); (b) *Morante v. Girardi, et. al.*, No. 2024-015118-CA-01 (Fla. 11th Jud. Cir., Miami-Dade County); and (c) this action.

Specifically, as to the Miami-Dade action, Plaintiffs allege that Defendant invoked motion practice by moving to dismiss and then prevented adjudication by failing to appear at a hearing. *See Second Amended Complaint ¶ 27*. Plaintiffs also accuse Defendant directing defiance of the court's discovery orders. *See Second Amended Complaint ¶ 28 & 29*. In the California action, Plaintiffs allege that Defendant used the pendency of the special motion to strike under anti-Slapp that resulted in fee shifting leverage and discovery paralysis against Psaila. *See Second Amended Complaint ¶ 32*. Finally in another last-ditch effort, Plaintiffs actually attempt to rely on the current

action for a basis as to their abuse of process claim, notwithstanding that the alleged abuse of process must have occurred prior to filing the current lawsuit.

As this Court previously ruled on the same allegations made in Plaintiffs' First Amended Complaint, these allegations fail to adequately allege an illegal, improper, or perverted use of process. [D.E. 51]. Plaintiffs once again fail to demonstrate that process was used for anything other than its authorized purpose. In the Florida case, Plaintiffs allege that Defendant refused to respond to limited discovery, which this Court previously ruled does not constitute abuse of process. *See* [D.E. 51]. Indeed, to the extent Plaintiffs disagree with the Miami state court judge's legal determinations regarding alleged discovery violations in that action, those issues may be raised through appeal of those rulings, not through a separate lawsuit asserting abuse of process.

As to the California action, Plaintiffs allege that Defendant funded Ms. Girardi's defense and directed another attorney, Evan Borges, to file a motion that carries a mandatory fee shifting mechanism and suspends merits discovery all to obtain a discovery freeze to keep Ms. Girardi from testifying under oath. As this Court has already ruled, again these allegations do not demonstrate that process was used for anything other than its authorized purpose.

Finally, as previously stated, this current action cannot be a basis for the claims in the current action. As a matter of Florida law, the conduct within this action is absolutely immune from civil liability under the litigation privilege. Florida's litigation privilege provides "absolute immunity … [for] any act occurring during the course of a judicial proceeding, regardless of whether the act involved a defamatory statement … so long as the act has some relation to the [judicial] proceeding. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994). The privilege is grounded in the principle that participants in litigation must be free to use their best judgment in prosecuting or defending a lawsuit without

fear of having to defend their actions in a subsequent civil action for misconduct. *Levin*, 649 So.2d at 608.

In *Boca Investors Group, Inc. v. Potash*, the Third District applied *Levin* to hold that a tortious interference claim based on the filing and prosecution of several lawsuits was barred by the litigation privilege. 835 So.2d 273 (Fla. 3d DCA 2002). The court reiterated that "the privilege arises immediately upon the doing of any act required or permitted by law in the due course of the judicial or necessarily preliminary thereto." *Ange v. State*, 98 Fla. 538, 123 So. 916 (Fla. 1929). Thus, not only acts within a pending case, but also pre-suit conduct "necessarily preliminary" to litigation – such as demand letters, coverage negotiations, or other required pre-suit communications – fall within the privilege.

The Florida Supreme Court has since confirmed in *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380 (Fla. 2007), that the litigation privilege applies "across the board … to common-law causes of action [and] those initiated pursuant to a statute, or some other origin … so long as the act has some relation to the proceeding." *Id*. at 384 (approving *Boca Investors*). Courts therefore routinely apply the privilege to bar claims for negligence, breach of fiduciary duty, statutory claims, and other tort theories premised on litigation conduct, provided the challenged acts relate to a judicial proceeding.

A Rule 11 safe-harbor motion is a sanction for litigation misconduct which Defendant properly sought during the current lawsuit instead of filing a separate lawsuit. Once again, the Rule 11 safe-harbor procedure has been properly addressed by the Court and is not an issue for allegation in the current lawsuit.

**(2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process**

Regarding the second element for abuse of process, a plaintiff must also show that the defendant misused the process for some collateral purpose. [D.E. 51]. Thus, an abuse of process claim turns on whether the plaintiff can show that the defendant misused the process after it was issued in order to exert leverage against the plaintiff. *Marty v. Gresh*, 501 So.2d 87, 89 (Fla. 1st DCA 1987).

Plaintiffs allege in ¶*39 – 41* of their Second Amended Complaint the alleged collateral objectives to support their claims of abuse of process, which include the following: (1) place Erika Girardi permanently beyond examination under oath in Plaintiffs' actions, so that her accusations against Plaintiffs would never be subject to jury review (2) protect Wilkes' personal position as Erika Girardi's "multi-million dollar creditor" and (3) coerce Plaintiffs to abandon their claims to allow Erika Girardi's false account of the dismissal of the Psaila indictment – that Psaila "got off on a technicality" – and to permanently and publicly brand Plaintiffs as fraudsters. *See Second Amended Complaint* ¶ *39 - 41.*

All of these alleged collateral acts, even if true, do not rise to the level of abuse of process. As to Plaintiffs' allegation of Defendant coercing Plaintiffs to abandon their claims, a party is permitted to defend a claim as it seems fit, whether on advice of its own counsel or others.

**(3) damage to the plaintiff as a result of the defendant's action**.

As damages, Plaintiffs seek in paragraph 45 damages of attorneys' fees and costs in opposing the motion in strike and the "stalled" action in the Miami case and having to respond to the Rule 11 motion filed in this case. None of these are actual damages which are otherwise recoverable. Attorney's fees are a normal consequence of pursuing civil claims which are

sometimes recoverable depending on the jurisdiction and basis. Thus, Plaintiffs have no basis for recovery of damages against this Defendant. Again, any damages lie in the other actions commenced against Erika Girardi at best, if any.

Therefore, Count I of the Plaintiffs Second Amended Complaint should be dismissed with prejudice as there cannot be no abuse of process claim as a matter of law.

**B. Count II Conspiracy to Abuse Process**

Without the predicate abuse of process count surviving, it is fundamental that there can be no basis for conspiracy to commit abuse of process. For the same reasons as above, Count II must be dismissed with prejudice.

**C. Count III Fraudulent concealment**

***(1) Plaintiffs have failed to state a claim under the required elements for fraudulent concealment***

Plaintiffs' claim for fraudulent concealment should be dismissed because they fail to allege facts that would support a claim for fraudulent concealment as a matter of law. The elements of fraudulent concealment are: (1) [defendant] concealed or failed to disclose a material fact; (2) [defendant] knew or should have known the material fact should be disclosed; (3) [defendant] knew their concealment of or failure to disclose the material fact would induce the plaintiffs to act; (4) [defendant] had a duty to disclose the material fact; and (5) the plaintiffs detrimentally relied on the misinformation. *Hess v. Phillip Morris USA, Inc.*, 175 So.3d 687, 691 (Fla. 2015).

***i. Duty***

Defendant did not have a duty to speak. A duty to speak arises when (1) one party to a transaction who speaks has a duty to say enough to prevent his words from misleading the other party; (2) one party to a transaction who has special knowledge of material facts to which the other party does not have access may have a duty to disclose those facts to the other party; or (3) one

party to a transaction who stands in a confidential or fiduciary relation to the other party has a duty to disclose material facts. *Jerue v. Drummond Co.*, No. 8:17-CV-587-EAK-AEP, 2018 WL 7461683, *13, 2018 U.S. Dist. LEXIS 228329 *40 (M.D. Fla. Apr. 19, 2018); (*citing Regions Bank v. Kaplan*, 258 F. Supp. 3d 1275, 1292 (M.D. Fla. 2017)).

A party has a duty to disclose when they have "information that the other party has the right to know because of the fiduciary or other relationship of trust or confidence between them." *Temurian v. Piccolo*, No. 18-cv-62737, 2019 WL 1763022, at *6, 2019 U.S. Dist. LEXIS 67469, at *18 (S.D. Fla. Apr. 19, 2019) (quoting *Barnes* v. *Burger King Corp.*, 932 F. Supp. 1420, 1429-30 (S.D. Fla. 1996)). "Fraud based upon a failure to disclose material information exists only when a duty to make such disclosure exists." *Friedman v. Am. Guardian Warranty Servs., Inc.*, 837 So.2d 1165, 1166 (Fla. 4th DCA 2003). Fiduciary duties are "expressly created ... by contract, such as principal/agent or attorney/client, or through legal proceedings, such as trustee/beneficiary and guardian/ward." *Kaplan*, 258 F. Supp. 3d at 1293. Fiduciary relations may be "implied in law when 'confidence is reposed by one party and a trust accepted by the other.'" *Id.* (quoting *Capital Bank v. MVB, Inc.*, 644 So.2d 515, 518 (Fla. 3d D.C.A. 1994)); *Greenberg v. Miami Children's Hosp. Research Inst.*, 264 F. Supp. 2d 1064, 1071 (S.D. Fla. May 29, 2003).

Here there was no fiduciary duty or similar relationship between Plaintiffs and Defendant. Plaintiffs only had a relationship with Erika Jayne Girardi when it came to Plaintiffs designing and manufacturing her costumes. *See Second Amended Complaint ¶10 & 11.* Plaintiffs also fail to allege any direct transaction between themselves and Defendant. Florida courts do not recognize the viability of a fraudulent concealment claim where the parties did not engage in a direct transaction. *See, e.g., Green Acres Inc. v. First Union Nat'l Bank*, 637 So.2d 363, 364 (Fla. 4th DCA 1994); *Kovach v. McLellan*, 564 So.2d 274, 277 (Fla. 5th DCA 1990).

Plaintiffs have not alleged that Defendant had a duty to disclose to the Plaintiffs the nature of Erika Girardi's relationships, her conduct, and her accusations. Further, Defendant did not have a duty to disclose as alleged in paragraphs 21 through 23 the following: (a) that the U.S. Attorney dismissed the criminal charges against Psaila on the Government's own motion because there was no evidence that Plaintiffs committed credit card fraud, and not on any "technicality" (b) that Erika had testified under oath on August 4, 2022, in the manner set forth in paragraph 30, contradicting the accusations she made against Plaintiffs; (c) that Plaintiffs provided every service and costume to Erika that Plaintiffs billed to Erika; and (d) that Wilkes held personal, multi-million-dollar financial stake in the public acceptance of Erika's account.

Plaintiffs focus the brunt of this allegation on the 2024 broadcast which was too remote to any business relationship that Erika Jayne Girardi possibly had with the Plaintiffs in 2016. Even so, this is irrelevant as the business relationship would not and did not include Defendant. The only allegation that they have made regarding their relationship with Defendant is that he was allegedly her personal attorney, however this does not mean he was involved with the business transactions and Plaintiffs failed to plead so. Plaintiffs' own Second Amended Complaint acknowledges that during and after 2016, was when the allegations against them by Erika Jayne Giradi were made to American Express occurred. *See Second Amended Complaint ¶18 – 19.*

***ii. Induce and Act***

In order to successfully plead fraudulent concealment, one of the elements is that [defendant] knew their concealment of or failure to disclose the material fact would induce the plaintiffs to act. *Hess v. Phillip Morris USA, Inc.*, 175 So.3d 687, 691 (Fla. 2015). Plaintiffs have not alleged what concealment or failure to disclose induced them to act in any manner. Instead, they just allege that Defendant's actions or inactions caused them damage. *See Second Amended*

*Complaint* ¶*55.* The Second Amended Complaint is simply devoid of any information identifying the factors that influenced Plaintiffs to do anything.

***iii. Detrimental reliance***

Plaintiffs allege that they relied on the alleged comments made by Defendant or the concealment of certain comments of Defendant on the 2024 broadcast and thereafter for the basis of this count. However, these comments or the lack thereof did not cause Plaintiffs to detrimentally rely on those comments as their business relationship with Erika Girardi occurred prior to 2024 and Plaintiffs never had a business relationship with Defendant.

Here, Plaintiffs fail to allege the reliance element completely. Plaintiffs fail to allege how such statements or omissions impacted them, much less the content of Defendant's statements, how Plaintiffs were misled, or how their reliance was the legal cause of any damages. In the absence of allegations of detrimental reliance, Defendant is entitled to dismissal of Plaintiff's fraudulent concealment claim. *See Peninsular Florida Dist. Council of Assemblies of God v. Pan Am. Inv. & Dev. Corp.*, 450 So.2d 1231, 1232 (Fla. 4th DCA 1984)(plaintiff must plead with specificity that he relied to his detriment on false statement concerning a material fact); *Midway Shopping Mall, Inc. v. Airtech Air Conditioning, Inc.*, 253 So.2d 900, 902 (Fla. 3d DCA 1971)(affirming dismissal of claim because "[t]he fraud alleged was not stated with particularity.").

For all the reasons set forth in support of Defendant's arguments to dismiss the fraud claim of Count III, as well as for the reasons stated above, Plaintiffs' claim for fraudulent concealment must be dismissed with prejudice.

### D. Count IV Negligent misrepresentation

**(1) *Plaintiffs have failed to state a claim under the required elements for negligent misrepresentation***

To state a cause of action for negligent misrepresentation, a plaintiff must show: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Howard v. Murray*, 184 So.3d 1155, 1167 (Fla. 1st DCA 2015).

Plaintiffs' claim for negligent misrepresentation relies on the same allegations as Plaintiffs claim for fraudulent concealment. Much like the fraudulent concealment claim, one of the elements of negligent misrepresentation is that Plaintiffs would be induced to act by the negligent misrepresentation. Again, Plaintiffs have failed to allege how the alleged negligent misrepresentation induced them to act. The Second Amended Complaint is simply devoid of any information identifying the factors that influenced Plaintiffs to do anything.

Further, Plaintiffs again failed to allege a consequent injury by Plaintiffs acting on reliance of the alleged representations, also an element that must be met in order to have a claim for negligent misrepresentation. Instead, they allege that others relied on the representations.

Accordingly, Plaintiffs claim for negligent misrepresentation against Defendant must be dismissed with prejudice.

### E. Count V Conspiracy to fraudulently conceal

Count V of Plaintiffs Second Amended Complaint fails to allege the elements of conspiracy of fraudulent concealment. It fails to allege in any way the Defendant conspired to commit fraud, committed fraud, let alone that Plaintiffs relied on that fraud, and fails to allege any facts that could

form the basis of a claim of reliance. *See Second Amended Complaint at ¶60 - 63*. These allegations are simply insufficient under Florida law.

Because Plaintiffs fail to establish a claim for fraudulent concealment, conspiracy for fraudulent concealment fails as well. Under Florida law, "a civil conspiracy is not actionable by itself." *Fish v. Adams*, 401 So.2d 843, 846 (Fla. 5th DCA 1981). "Unlike a criminal conspiracy where the gist of the action is the conspiracy, in an action for civil conspiracy the gist of the action is the recovery of damages." *Id*. Therefore, where there is not an underlying tort for which the plaintiff can recover damages, the law does not provide a remedy for a civil conspiracy.

For all the reasons set forth in support of Defendant's arguments to dismiss the conspiracy to fraudulently conceal, as well as for the reasons stated above, Plaintiffs' claim of conspiracy to fraudulently conceal in Count V must be dismissed with prejudice.

## IV. CONCLUSION

Despite two Court orders mandating the Plaintiffs how to plead a cause of action, the Plaintiffs nevertheless and in complete defiance of the orders reallege the same allegations the Court previously advised do not constitute abuse of process and conspiracy of abuse of process as a matter of law. *See* [D.E. 7 & 51]. At best, this Second Amended Complaint constitutes bad faith and worse, contempt of court.

After three attempts to state a claim and failing to do so, this Court has no choice but to dismiss with prejudice pursuant to the language in its Order stating "[t]he Court will allow Plaintiffs ***one final opportunity*** to amend their complaint". *See* [D.E. 51]. The Second Amended Complaint is the last opportunity Plaintiffs had to properly plead their causes of action and failed to do so.

Accordingly, Defendant, JAMES L. WILKES, respectfully requests that this Court dismiss Plaintiffs' Second Amended Complaint in full and with prejudice.

**LOCAL RULE 3.01(g) CERTIFICATION**

Defendant conferred with Plaintiff via email correspondence on August 13, 2026. Plaintiff did not agree on all or part of the resolution of Defendant's Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Geralyn M. Passaro, Esq.*

Geralyn M. Passaro, Esq.
Florida Bar No.: 613533
Javiera B. Sundar, Esq.
Florida Bar No.: 1002854
Litchfield Cavo, LLP
Radice Corporate Center
800 Corporate Drive, Suite 500
Fort Lauderdale, Florida 33334
(954) 689-3000 - Office
(954) 689-3001 – Facsimile
E-Mail: Passaro@litchfieldcavo.com
E-Mail: Sundar@litchfieldcavo.com
E-Mail: donaldson@litchfieldcavo.com
E-Mail: caruso@litchfieldcavo.com
*Attorneys for JAMES L. WILKES, II*