IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA - TAMPA DIVISION

MARCOSQUARED, LLC;
MARCO MORANTE; and
CHRISTOPHER PSAILA, Case No.: 8:25-cv-3146-CEH-LSG

Plaintiffs,

vs.

JAMES L. WILKES, II,

Defendant.

_______________________________________/

**DEFENDANT, JAMES L. WILKES, II, REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MOTION TO STRIKE PLAINTIFFS' SUGGESTIONS IN SUPPORT OF SECOND AMENDED COMPLAINT**

Defendant, JAMES L. WILKES, II, by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and United States District Court Middle District of Florida Rule 3.01, hereby files this Reply to Plaintiffs, MARCOSQUARED, LLC, MARCO MORANTE, and CHRISTOPHER PSAILA, Response to Defendant's Motion to Dismiss Second Amended Complaint and Motion to Strike Plaintiffs' Suggestions in Support of Second Amended Complaint, and in support thereof states as follows:

**ARGUMENT**

1. As previously stated in Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint, Plaintiffs are now on their third attempt to state a cause of action and even with their Response to Defendant's Motion, still fail to do so.

2. This Honorable Court allowed Plaintiffs one final opportunity to amend their complaint to properly plead their causes of action and once again Plaintiffs failed to do so as to

abuse of process and conspiracy to abuse process. Instead, Plaintiffs added additional counts which they also improperly pled. See [D.E. 51].

3. The same allegations Defendant argues are sensational are endorsed by this Court's Order dated November 28, 2025. See [D.E. 7].

4. The majority of Plaintiff's First Complaint contained allegations of "the rich and famous opulent lifestyle of Real Housewives of Beverly Hills" cast member, Erika Jayne Girardi, and her decades-older ex-husband, disbarred California attorney, Tom Girardi, who is currently serving a federal sentence for wire fraud. Neither Tom nor Erika Girardi are parties to this lawsuit and yet most of the allegations of the Complaint focus on the couple's lavish lives and their alleged wrongful conduct, as well as the alleged misconduct of California bankruptcy counsel, Evan Borges. See [D.E. 7].

5. Further, the Court previously ruled that statements as to directed to Evan Borges, the California bankruptcy cases, Wilkes' appearance on a documentary, "The Housewives and the Hustler," and Tom Girardi's Ponzi scheme were vague, conclusory, lack specificity, and were without connection to the alleged claims of abuse of process and conspiracy to commit abuse of process. [D.E. 7]. Yet Plaintiffs continue to include the same statements/allegations in their Second Amended Complaint and in complete defiance of the prior Court Orders.

6. Instead of abstaining from making such scandalous allegations in their Second Amended Complaint, Plaintiffs double down further and add more irrelevant and scandalous allegations including Defendant's Bar admissions and Defendant's alleged violation of Florida's Rules of Professional Conduct.

7. The *S.D. v. St. Johns Cnty. Sch. Dist.*, case cited by Plaintiffs' is distinguishable from the subject case because in that case the cause of action was that Defendant's private religious

beliefs and private membership in a religious organization bore no relevance to Plaintiffs' allegations that the School District took action which had the effect of establishing religion or of suppressing Plaintiffs free exercise of their beliefs. No.3:09-CV-250-J-20TEM, 2009 WL 1941482. However in our case, the aforementioned allegations (paragraphs 4 and 5), do not go to the causes of actions in Plaintiffs' Second Amended Complaint, which are fraudulent concealment, conspiracy to fraudulently conceal, abuse of process, negligent misrepresentation, and conspiracy to abuse legal processes.

8. Additionally, Plaintiffs cite to *In re Fundamental Long Term Care, Inc.*, which has absolutely nothing to do with the subject case. Plaintiffs attempt to correlate behavior from the *Fundamentals* case to the subject matter is completely distinguishable. First, it was a bankruptcy case involving a debtor who was attempting to avoid collection of judgments obtained by the law firm, Wilkes & McHugh, P.A., prior to 2010. The case did not James Wilkes personally and has no bearing on the subject lawsuit. Like all the other scandalous allegations by these Plaintiffs, it has been inserted solely in an attempt to impugn Wilkes however does nothing to establish a cause of action. Again, Plaintiffs are simply adding more scandalous and impertinent allegations without doing anything to buttress their claim to state a cause of action.

9. Plaintiffs citing of multiple cases such as *Verdon v. Song*, 251 So.3d 256 (Fla. 5th DCA 2018)(wife attempted to extort her husband by filing criminal charges against him causing his arrest and once he was in custody, she was not able to use his credit card and attempted to extort him as a result) and *Svistina v. Elbadramany*, No. 22-CV-20525, 2023 WL 34642, at *5 (S.D. Fla. Jan. 4, 2023)(sexual assault case where Defendant alleged he was being extorted – ultimately it was found that the underlying criminal case had no "reasonable basis in law and fact" and that the criminal case resulted from lies to the police), are cases in which abuse of process was

found to have been properly alleged. However, these cases do not add any support to Plaintiffs' assertions, just reiterate the elements of abuse of process and are only relevant to extortion cases, which is not a cause of action in this case.

10. Plaintiffs wrongfully argue that the litigation privilege is not a defense because while Defendant was not an attorney of record in the California cases, he controlled non-party Evan Borges behind the scenes and that they both perpetuated lies about Plaintiffs in the nationwide broadcast. However, Defendant asserts the litigation privilege as to the Rule 11 safe-harbor motion which was properly sought during the current lawsuit. The filing of an appropriate Rule 11 motion in the subject case cannot serve as abuse of process as it is after the fact.

11. Plaintiffs' allegations of Defendant's ulterior motives to support their claims of abuse of process and conspiracy of abuse of process do not rise to the level of abuse of process. Florida and Federal Courts have held that a proper claim for abuse of process requires the issuance of some form of "process from the court." *Steinhilber v. Lamoree*, 825 F. Supp. 1003, 1006 (S.D. Fla. 1992).

12. In a desperate attempt to save their pleading, Plaintiffs cite to three ulterior motives of Defendant: (1) placing Erika Girardi permanently beyond examination of under oath in Plaintiffs' actions, (2) protecting Wilkes' personal position as Erika Girardi's creditor, and (3) coercing Plaintiffs to abandon their claims to allow Erika Girardi's false account of the dismissal of the Psaila indictment and to permanently and publicly brand Plaintiffs as fraudsters. However under Florida law, any ulterior motive alone is insufficient. There is no abuse of process where it is confined to its regular and legitimate function in relation to the cause of action in the complaint. *McMurray v. U-Haul Co., Inc.*, 452 So.2d 1208, 1209-10 (Fla. 4th DCA 1983). Plaintiffs admit that Mr. Borges filed a special motion to strike under California's anti-SLAPP statute with the

declaration of Ms. Girardi, not Defendant. Assuming arguendo that Defendant did direct Mr. Borges, this was litigation-related on its face and was directly related to the proceeding at the time. As to the alleged ulterior motive to maintain creditor position so that Plaintiffs abandon their claims against Erika Girardi, there was no improper or willful act during the course of the proceeding to constitute abuse of process. “An ulterior motive in itself is not sufficient. There must be an improper willful act during the course of the proceedings to constitute an abuse of process.” *See Peckins v. Kaye,* 443 So.2d 1025 (Fla. 2d DCA 1983).

13. Finally, Defendant incorporates and reiterates all his prior arguments in his Motion to Dismiss Plaintiffs’ Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendant’s Motion to Dismiss Second Amended Complaint, all claims asserted against him should be dismissed with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23rd, 2026, I electronically filed the foregoing document using CM/ECF.

By: /s/ *Javiera B. Sundar*

Geralyn M. Passaro, Esq.
Florida Bar No.: 613533
Javiera B. Sundar, Esq.
Florida Bar No.: 1002854
Litchfield Cavo, LLP
Radice Corporate Center
800 Corporate Drive, Suite 500
Fort Lauderdale, Florida 33334
(954) 689-3000 – Office
(954) 689-3001 – Facsimile
E-Mail: Passaro@litchfieldcavo.com
E-Mail: Sundar@litchfieldcavo.com
E-Mail: donaldson@litchfieldcavo.com
E-Mail: caruso@litchfieldcavo.com
*Attorneys for JAMES L. WILKES, II*